# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> ERIC KLUTKE, <br><br> Debtor. | Case No. 17-14086 <br><br> Chapter 7 |
| FIRST MIDWEST BANK, <br><br> Plaintiff, <br><br> v. <br><br> ERIC KLUTKE, <br><br> Defendant. | Honorable A. Benjamin Goldgar <br><br> Lake County <br><br> Adv. Pro. No.: 17-00530 |

## NOTICE OF ISSUANCE OF SUBPOENA

TO:  Eric Klutke
     c/o George P Hampilos
     Hampilos & Associates, Ltd.
     308 West State Street, Suite 210
     Rockford, IL 61101
     Email: georgehamp@aol.com

**PLEASE TAKE NOTICE THAT**, pursuant to Fed. R. Civ. P. 45(a)(4), made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, on **February 6, 2018**, Plaintiff First Midwest Bank, through its counsel, caused a **Subpoena to Testify at a Deposition in an Adversary Proceeding** to be issued to the following parties:

− Steven J. Brody - Steven J. Brody & Associates, Ltd.

A true and accurate copy of the Subpoena accompanies this Notice and is hereby served upon you.

Dated: February 6, 2018.                    **FIRST MIDWEST BANK**

                                            By: /s/   Martin J. Wasserman
                                                  One of its Attorneys

Kurt M. Carlson ARDC #6236568
Martin J. Wasserman ARDC #6294040
CARLSON DASH, LLC

216 S. Jefferson St., Suite 504
Chicago, IL 60661
Telephone: (312) 382-1600
Email: kcarlson@carlsondash.com
Email: mwasserman@carlsondash.com

## **CERTIFICATE OF SERVICE**

I, Martin J. Wasserman, the undersigned attorney, hereby certify that I caused the foregoing **Notice of Issuance of Subpoena** to be served electronically on all parties registered to receive notice via the Court's CM/ECF electronic notification system on **February 6, 2018**.

                                                            /s/ Martin J. Wasserman

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__NORTHERN__ District of __ILLINOIS__

In re __ERIC KLUTKE__
*Debtor*

Case No. __17-14086__

Chapter __7__

*(Complete if issued in an adversary proceeding)*

__FIRST MIDWEST BANK__
*Plaintiff*

v.

__ERIC KLUTKE__
*Defendant*

Adv. Proc. No. __17-00530__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Steven J. Brody - Steven J. Brody & Associates, Ltd., 15 W Woodstock Street, Crystal Lake, IL 60014__
*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | Carlson Dash, LLC<br>10411 Corporate Drive, Suite 100<br>Pleasant Prairie, WI 53158 | DATE AND TIME<br>February 28, 2018 at 1:00 P.M. |
|---|---|---|

The deposition will be recorded by this method: Stenographic Court Reporter

■ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment 1 to this Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __2/6/2018__

CLERK OF COURT

OR

_____       /s/ Martin J. Wasserman
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __First Midwest Bank__, who issues or requests this subpoena, are: Martin J. Wasserman - Carlson Dash, LLC 216 S. Jefferson Street, Suite 504 Chicago, IL 60661   Tel: (312) 382-1600   Email: mwasserman@carlsondash.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                  _____
                                                               *Server's signature*

                                                                _____
                                                                *Printed name and title*

                                                                _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT 1

## DEFINITIONS

A. "Debtor" shall mean Eric Klutke and his successors, past and present, agents, representatives, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of the Debtor, including any attorneys, advisors, or consultants.

B. "GKI" means GKI Incorporated and any one or more of its respective agents, attorneys, representatives or any other person or persons acting or purportedly acting on behalf of or in concert with any of them.

C. "Cash Collateral Order" means that certain order entered by the Honorable Judge Thomas Lynch in Case No. 16-82168 on September 16, 2016 [Docket No. 16].

D. "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, electronic mail, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

E. "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

F. "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

## PRODUCTION REQUESTS

1. All documents relating to GKI.

2. All documents relating to Olaf Klutke.

3. All documents relating to Eric Klutke.

4. All documents relating to the Cash Collateral Order.